| | |
|---|---|
| John R. Parker, Jr. (SBN 257761)<br>ALMEIDA LAW GROUP LLC<br>3550 Watt Avenue, Suite 140<br>Sacramento, CA 95821<br>Tel: (916) 616-2936<br>jrparker@almeidalawgroup.com | Michael P. Esser (SBN 268634)<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel: (415) 439-1400 / Fax: (415) 439-1500<br>michael.esser@kirkland.com |
| Brandon M. Wise (*pro hac vice*)<br>Domenica M. Russo (*pro hac vice*)<br>PEIFFER WOLF CARR KANE CONWAY &<br>WISE, LLP<br>One US Bank Plaza, Suite 1950<br>St. Louis, MO 63104<br>Tel: (314) 833-4825<br>bwise@peifferwolf.com<br>drusso@peifferwolf.com | Michael A. Glick (*pro hac vice*)<br>Megan McGlynn (*pro hac vice**)<br>Gabrielle Durling (*pro hac vice**)<br>Mary-Kathryn Hawes (*pro hac vice**)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Tel: (202) 389-5000 / Fax: (202) 389-5200<br>michael.glick@kirkland.com<br>megan.mcglynn@kirkland.com<br>gabi.durling@kirkland.com<br>mk.hawes@kirkland.com |
| *Attorneys for Plaintiff Brigette Hood* | *Attorneys for Defendant Walmart Inc.*<br><br>*application pending |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGETTE HOOD, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br>Defendant. | Case No: 3:24-cv-03548-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: James Donato<br>Conference Date: September 19, 2024<br>Time: 10:00 AM |

Plaintiff Brigette Hood ("Plaintiff") and Defendant Walmart Inc. ("Defendant"), by and through their respective counsel, hereby submit this Joint Case Management Statement pursuant to the Standing Order for Civil Cases Before Judge James Donato; the Standing Order for All Judges of the Northern District of California; and the Court's Order of September 5, 2024 (*see* ECF No. 26). The parties met and conferred by telephone on September 11, 2024, attended by Brandon Wise and Domenica Russo of Peiffer Wolf Carr Kane Conway & Wise, LLP and John Parker of Almeida Law Group LLC for Plaintiff; and Michael Glick and Megan McGlynn of Kirkland & Ellis LLP for Defendant. The parties have continued to confer through email regarding this Joint Case Management Statement.

**1.     JURISDICTION AND SERVICE**

Defendant executed a waiver of service on August 19, 2024. *See* ECF No. 11. No party remains to be served.

The Parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). Plaintiff contends that venue is proper in this District and Division pursuant to 28 U.S.C. § 1391, and that personal jurisdiction is proper as to Plaintiff's individual claims and those she proposes to bring on behalf of her proposed class.

**2.     FACTS**

Plaintiff alleges she purchased "Mainstays" brand aluminum pans and "Expert Grill" brand aluminum tray liners on Walmart.com that were labeled as "Made in the USA." Plaintiff contends that the "Made in the USA" labeling is false and deceptive because the aluminum products are manufactured from bauxite that is mined abroad.

Defendant asserts that the pans and tray liners at issue are properly labeled as "Made in the USA," deny Plaintiff's allegations, and dispute that Plaintiff has been harmed or is entitled to any relief on behalf of herself or any putative class.

**3.     LEGAL ISSUES**

Plaintiff's Complaint asserts five causes of action, including under California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; California's False Advertising Law, Cal. Bus. & Prof. Code

§ 17500 *et seq.*; breach of express and implied warranties under Cal. Com. Code §§ 2313, 2314(2)(f); and a claim for unjust enrichment.

Defendant denies all of the Plaintiff's claims. Defendant is currently contemplating filing a motion to dismiss the entirety of Plaintiff's Complaint because she has failed to plead a viable violation of Section 17533.7 of the California Business and Professions Code (California's specific "Made in the USA" labeling statute), the failure of which bars the entirety of her claims. Indeed, on August 29, 2024, another Judge in this District granted a similar motion to dismiss a nearly identical complaint filed by the same Plaintiff asserting the same claims based on the same theory of alleged falsity relating to foreign-mined bauxite in disposable aluminum pans. *See Hood v. Handi-Foil*, Case No. 24-cv-02373-RS, 2024 WL 4008711 (N.D. Cal. Aug. 29, 2024) (dismissing the Complaint in full and granting leave to amend within 30 days). Defendant also intends to move to compel arbitration of Plaintiff's claims.

**4.     MOTIONS**

The case is currently at the pleadings stage, and Defendant intends to file a motion to dismiss and to compel arbitration. Defendant is also evaluating an administrative motion pursuant to Local Civil Rule 3-12 seeking transfer of this case to the docket of Chief Judge Seeborg as related to the earlier-filed *Hood v. Handi-Foil* case.

Should this case proceed past the pleadings stage, Plaintiff anticipates moving for class certification, and each side may also move for summary judgment prior to the deadline for dispositive motions, among other potential motions.

The parties may identify other legal disputes as the case progresses.

**5.     AMENDMENT OF PLEADINGS**

There have been no amendments to date.

**6.     EVIDENCE PRESERVATION**

The parties certify that they have reviewed the ESI Guidelines, have conferred regarding the preservation of relevant evidence, and will separately confer on a stipulated Protective Order and an E-Discovery Order, if necessary.

**7.     DISCLOSURES**

Prior to the reassignment of this case to this Court, the parties entered into a stipulation whereby they agreed to exchange Rule 26(a)(1) initial disclosures on or before October 4, 2024. *See* ECF No. 17.

**8.     DISCOVERY**

   A.     <u>Discovery to Date</u>

No discovery has taken place thus far.

   B.     <u>Scope of Anticipated Discovery</u>

   **1.     Plaintiff's Position**

Plaintiff anticipates discovery including, without limitation, (1) information about the Class, including sales figures, (2) information about Defendant's practices and procedures with regard to the manufacture of the materials that are the subject of this case, (3) information about Defendant's marketing of the materials that are the subject of this case, and (4) other subjects that come to light as discovery proceeds.

   **2.     Defendant's Position**

Defendant anticipates discovery regarding, among other information: (i) Plaintiff's purchases from Defendant; (ii) Plaintiff's alleged reliance on Defendant's label; (iii) Plaintiff's knowledge of and experience with aluminum pan and container products; (iv) class-related issues, including evidence pertaining to whether Plaintiff can satisfy her burden to demonstrate that she meets the requirements for class certification; (v) evidence related to the determination and quantification of any damages, both for Plaintiff individually and for her proposed class; and (vi) any satisfaction of the safe harbors set forth in California Business and Professions Code Section 17533.7 regarding "Made in the USA" labeling.

The parties reserve the right to seek third-party discovery.

   C.     <u>Proposed Limitations or Modifications of the Discovery Rules</u>

The parties do not currently anticipate the need to modify the limitations on discovery set forth in the Federal Rules of Civil Procedure, but respectfully reserve their right to seek relief from such limitation should the need arise later.

### D. Stipulated E-Discovery Protocol and Protective Order

The parties agree to discuss entry of a stipulated e-discovery protocol and protective order at an appropriate juncture once discovery is underway (if necessary). In that event, the parties anticipate agreeing to and proposing stipulated orders consistent with the form used in this District.

### E. Identified Discovery Disputes

Discovery has not begun, and the parties have not identified any current discovery disputes.

## 9. CLASS ACTIONS

Plaintiff anticipates filing a motion for class certification in accordance with the proposed schedule set forth below in Section 15. The parties and their counsel confirm that they have reviewed the Northern District of California's Procedural Guidance for Class Action Settlements.

## 10. RELATED CASES

Defendant is evaluating the filing of an administrative motion pursuant to N.D. Cal. Local Civil Rule 3-12 identifying this case as related to Plaintiff's earlier-filed case against Handi-Foil Corp., Jiffy Foil Corp., and Handi-Foil Aluminum Corp. *See Hood v. Handi-Foil Corp.*, No. 24-cv-2373-RS (Seeborg, C.J.). The two cases involve the same plaintiff, the same counsel, the same claims, the same subject matter, and substantially the same allegations.

## 11. RELIEF

Plaintiff alleges that Defendant has violated California's Unfair Competition Law, California's False Advertising Law, and California's Consumer Legal Remedies Act; has breached express and implied warranties to consumers; and has been unjustly enriched by these practices. *See* ECF No. 1. As such, Plaintiff has requested the following relief as set forth in the Complaint:

- Class certification;
- An order appointing Plaintiff as class representative and Plaintiff's counsel as class counsel;
- Injunctive relief;
- Damages, including compensatory, exemplary, statutory, and punitive damages;
- Attorney's fees and costs;
- Pre- and post-judgment interest on any amounts awarded; and

- Any other relief as may be just and proper.

Defendant disputes that Plaintiff is entitled to any relief.

## 12. SETTLEMENT AND ADR

There have been no formal ADR efforts to date. The parties will meet and confer pursuant to ADR L.R. 3-5 and will file their ADR Certification by Parties and Counsel on September 20, 2024. *See* ECF No. 17. Counsel for the parties do not believe that an immediate ADR process would be beneficial or productive, and instead propose pursuing an ADR process later in the case following completion of some or all discovery. The parties have not engaged in settlement negotiations to date given Defendant's recent waiver of service and the nascent stage of the case. Both parties remain open to a reasonable settlement.

## 13. OTHER REFERENCES

As set forth above, Defendant is contemplating a motion to compel arbitration as part of its responsive pleading.

The parties agree that this case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

## 14. NARROWING OF ISSUES

The parties have not yet identified any issues that can be narrowed by agreement.

## 15. SCHEDULING

As part of the same stipulation discussed above, *see* ECF Nos. 16 (stipulation) and 17 (order), the parties previously agreed to (and Magistrate Judge Tse entered) a briefing schedule pertaining to Defendant's responsive pleading:

- Defendant shall file any responsive motion on or before <u>October 30, 2024</u>;[1]
- Plaintiff shall file any opposition on or before <u>November 21, 2024</u>;
- Defendant shall file any reply on or before <u>December 11, 2024</u>.

---

[1] Based upon Defendant's waiver of service effective August 19, 2024, Defendant's time to respond to the Complaint was originally October 18, 2024 pursuant to Fed. R. Civ. P 4(d)(3), but the parties agreed to a modest extension, which was entered in ECF No. 17.

The parties now propose the following dates for discovery and other case activities:

| Case Event | Deadline |
|---|---|
| ***Discovery Deadlines*** | |
| Identification of Plaintiff's experts and service of Rule 26 disclosures | May 14, 2025 |
| Identification of Defendant's experts and service of Rule 26 Disclosures | June 18, 2025 |
| Close of all discovery, including expert discovery ("Close of Discovery") | July 16, 2025 |
| ***Dispositive Motion Deadlines*** | |
| Deadline for Class Certification Motion, Motions for Summary Judgment, and *Daubert* Motions | August 13, 2025 |
| Deadline for Oppositions to Motion for Class Certification, Motions for Summary Judgment, and *Daubert* Motions | September 10, 2025 |
| Deadline for Replies in Support of Motion for Class Certification, Motions for Summary Judgment, and *Daubert* Motions | September 24, 2025 |
| Hearing on Motion for Class Certification, Motions for Summary Judgment, and *Daubert* Motions | Parties to confer regarding requested notice date prior to filing any motion |
| ***Pre-Trial Exchanges and Motions in Limine*** | |
| Exchange of Exhibit Lists and Witness Lists | December 17, 2025 |
| Motions in Limine | January 16, 2026 |
| Oppositions to Motions in Limine | January 30, 2026 |
| Submission of Jury Instruction Requests, Proposed Verdict Form, and Proposed Special Voir Dire Questions | February 4, 2026 |
| ***Trial*** | |
| Pretrial Conference | February 18, 2026 |
| Trial Begins | March 9, 2026 |

**16.    TRIAL**

Plaintiff has requested a jury trial. Defendant contends Plaintiff has waived her right to a jury and agreed to arbitrate her claims.

The parties agree that an expedited trial procedure does not apply to this case.

**17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff is unaware of any non-party interested entities or persons.  Defendant filed its Certification of Conflicts and Interested Entities or Persons Pursuant to Civil Local Rule 3-15 on August 23, 2024.  ECF No. 15.

**18.    PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the *Guidelines for Professional Conduct for the Northern District of California*.

**19.    OTHER MATTERS**

The parties are currently unaware of any other matters that may facilitate the disposition of this dispute.

| | |
|---|---|
| DATED: September 12, 2024 | Respectfully submitted, |
| PEIFFER WOLF CARR KANE CONWAY & WISE, LLP | KIRKLAND & ELLIS LLP |
| *s/ Brandon M. Wise* | *s/ Michael A. Glick* |
| John R. Parker, Jr. (SBN 257761)<br>ALMEIDA LAW GROUP LLC<br>3550 Watt Avenue, Suite 140<br>Sacramento, CA 95821<br>Tel: (916)616-2936<br>jrparker@almeidalawgroup.com | Michael P. Esser (SBN 268634)<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel: (415) 439-1400 / Fax: (415) 439-1500<br>michael.esser@kirkland.com |
| Brandon M. Wise (*pro hac vice*)<br>Domenica M. Russo (*pro hac vice*)<br>PEIFFER WOLF CARR KANE CONWAY & WISE, LLP<br>One US Bank Plaza, Suite 1950<br>St. Louis, MO 63104<br>Tel: (314) 833-4825<br>bwise@peifferwolf.com<br>drusso@peifferwolf.com | Michael A. Glick (*pro hac vice*)<br>Megan McGlynn (*pro hac vice* pending)<br>Gabrielle Durling (*pro hac vice* pending)<br>Mary-Kathryn Hawes (*pro hac vice* pending)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Tel: (202) 389-5000 / Fax: (202) 389-5200<br>michael.glick@kirkland.com<br>megan.mcglynn@kirkland.com<br>gabi.durling@kirkland.com<br>mk.hawes@kirkland.com |
| *Attorneys for Plaintiff Brigette Hood* | *Attorneys for Defendant Walmart Inc.* |

**CERTIFICATE OF SERVICE**

On September 12, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Michael P. Esser*
Michael P. Esser